IN THE MATTER OF:  J.L.H.

No. COA06-984

(Filed 19 June 2007)

**Agency— principal-agent relationship—Department of Health and Human Services—county Department of Social Services**

The Court of Appeals granted appellee Department of Health and Human Services's (DHHS) motion to dismiss the appeal filed by Onslow County DSS and New Hanover County DSS regarding the orders entered 20 January 2006 as amended 2 February 2006, finding the juveniles dependent, giving custody of two of the minor children to Onslow County DSS and New Hanover County DSS, transferring venue to those counties, and the 21 March 2006 order allowing the intervention of DHHS, because: (1) there is a principal-agent relationship between DHHS and the DSS of individual counties; (2) the director of each county's DSS is required, as part of its duties and responsibilities under N.C.G.S. § 108A-14, to act as agent of the Social Services Commission and DHHS in the county; and (3) the nature of the relationship would be destroyed if the agent were capable of acting on the principal's behalf without being subject to the principal's authority and direction.

---

**IN RE J.L.H.**

[184 N.C. App. 180 (2007)]

Appeal by Onslow County Department of Social Services from order entered 20 January 2006 as amended 2 February 2006 by Judge Douglas B. Sasser in Brunswick County Superior Court. Heard in the Court of Appeals 7 March 2007.

*Dean W . Hallandsworth and Julia Talbutt, for the appellant (New Hanover County Department of Social Services).*

*James W. Joyner, for the appellant (Onslow County Department of Social Services).*

*Attorney General Roy Cooper, by Assistant Attorney General David Gordon, for the respondent-appellee (Department of Health and Human Services).*

ELMORE, Judge.

Following the mishandling of their cases, three juveniles, Z.D.H., J.L.H., and T.H.,[1] filed suit against Brunswick County Division of Social Services (DSS), the Department of Health and Human Services (DHHS), and various other defendants. The complaint alleged that Brunswick County DSS and the other named defendants were negligent in furnishing social and mental health services to the minors. The case settled, and in the settlement order the Superior Court judge determined that the suit created a conflict of interest between Brunswick County DSS and the juveniles. The Superior Court judge therefore declared the juveniles, who were at that time in the custody of Brunswick County DSS, dependant because it was no longer appropriate for Brunswick County DSS to be legally responsible for the children. The Superior Court issued an order within its settlement order requiring the counties in which the juveniles were then living (Onslow and New Hanover) to file petitions for dependency. Those counties, which were not parties to the litigation, did not file such petitions.

Brunswick County DSS subsequently filed a petition for a review hearing in Brunswick County District Court. The District Court judge, Judge Sasser, found the juveniles dependent as a result of the conflict created by the suit. He placed J.L.H. in the custody of Onslow County DSS, and Z.D.H. in the custody of New Hanover County DSS. Finally,

---

1. Z.D.H. is the subject of a companion case, *In re Z.D.H.* Brunswick County Department of Social Services filed an adoption petition on T.H.'s behalf and was in the process of facilitating that adoption on 19 January 2006; her case has not been appealed to this Court.

he ordered that the children's cases be transferred to the district courts in the new counties.

Following motions for stay and motions for relief filed by Onslow County DSS and New Hanover County DSS, the DHHS filed a motion to intervene that was allowed on 21 March 2006. Onslow County DSS and New Hanover County DSS now appeal the orders entered 20 January 2006 as amended 2 February 2006, finding the juveniles dependent; giving custody of J.L.H. and Z.D.H. to Onslow County DSS and New Hanover County DSS, respectively; transferring venue to those counties; and the 21 March 2006 order allowing the intervention of DHHS.

Before reaching appellants' assignments of error, we must address the preliminary issue of the principal-agent relationship between appellee DHHS and Onslow County DSS and New Hanover County DSS. Prior to oral arguments, DHHS submitted a motion to dismiss this appeal, contending that the principal-agent relationship between it and the county entities rendered this appeal null and void, and thus subject to dismissal. On 22 January 2007, this panel denied the motion to dismiss. Upon further review of the issue, we rescind our denial of the motion and grant DHHS's motion to dismiss.

As argued in the motions for reconsideration filed in Superior Court, and revisited by the motions to dismiss, there is a principal-agent relationship between DHHS and the DSS of individual counties. It appears that Onslow County DSS does not dispute the agency relationship and that New Hanover County DSS does. Regardless, it is clear that:

> [[b]ased on the plain language of our statutory law governing social services and the provision of child protective services, the Department of Human Resources has substantial and official control over the provision of child protective services and designates the county director as the person responsible for carrying out the policies formulated by the Department, through the Social Services Commission and the Division of Social Services. "Thus, in practice, as well as in name, the role of the County Director in the delivery of [child protective] services is that of an agent. Like the agent, the County Director acts on behalf of the Department of Human Resources and is subject to its control with respect to the actions he takes on its behalf."

*Gammons v. North Carolina Dep't of Human Resources*, 344 N.C. 51, 64, 472 S.E.2d 722, 729 (1996) (quoting *Vaughn v. North Carolina*

*Dep't of Human Resources*, 296 N.C. 683, 690, 252 S.E.2d 792, 797 (1979)).

Indeed, the director of each county's DSS is required, as part of its duties and responsibilities as outlined by statute, "[t]o act as agent of the Social Services Commission and Department of Health and Human Services in relation to work required by the Social Services Commission and Department of Health and Human Services in the county." N.C. Gen. Stat. § 108A-14 (2005).

Because there is an agency relationship between DHHS and the counties' DSS, this appeal is improper. It is axiomatic that the principal controls the agent. *See State v. Weaver*, 359 N.C. 246, 258, 607 S.E.2d 599, 606 (2005) ("Two essential elements of an agency relationship are: (1) the authority of the agent to act on behalf of the principal, and (2) the principal's control over the agent."). The nature of the relationship would be destroyed if the agent were capable of acting on the principal's behalf without being subject to the principal's authority and direction.

In the present case, DHHS is the principal to both DSS divisions. Each county's DSS must act as instructed by their principal; the agency relationship therefore renders this appeal a nullity. Accordingly, we rescind our previous denial of DHHS's motion to dismiss, and grant the motion on reconsideration.

Dismissed.

Judges TYSON and GEER concur.